```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


VICENTE ALDAN,

                          Petitioner,

           v.                                CASE NO. 04-3242-RDR

E.J. GALLEGOS,

                          Respondent.
```

ORDER

Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The court examined the petition and directed petitioner to show cause why the petition should not be dismissed because petitioner had not demonstrated any basis for this court's jurisdiction to consider petitioner's claims under 28 U.S.C. § 2241. Having reviewed petitioner's response, the court concludes the petition should be dismissed.

Petitioner was convicted in 1999 on his plea of guilty to three criminal charges arising from his involvement in a prison uprising. He now claims Count III in the criminal indictment district, charging petitioner with Transfer of a Firearm Knowing it will be used to Commit a Crime of Violence, 18 U.S.C. § 924(h), should be dismissed. Petitioner contends the indictment on this charge is fatally defective because the statute's reference to a "crime of violence" is inherently ambiguous as to whether such an offense encompasses an offense under state law. Petitioner further contends the "crime of violence" in his case was a felony only under state

law.

Petitioner did not file a motion to vacate his sentence under 28 U.S.C. § 2255 to assert this claim. Petitioner instead filed the instant petition, arguing relief under 28 U.S.C. § 2241 is available because post-conviction restrictions imposed by the Antiterrorism and Effective Death Penalty Act in 1996 rendered § 2255 inadequate and ineffective to a federal prisoner seeking post-conviction relief based on a subsequent non-constitutional change in the law.[1] The court does not agree.

A petition under 28 U.S.C. § 2255 attacks the legality of a prisoner's detention pursuant to a federal court judgment and must be filed in the district court that imposed the sentence. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). *See* Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963). Rather, relief is available under 28 U.S.C. § 2241 only if petitioner demonstrate the remedy under § 2255 is "inadequate or ineffective" to challenge the validity of his judgment or sentence. Bradshaw, 86 F.3d at 166.

Petitioner acknowledges his failure to file a timely motion under § 2255 in the District of Northern Mariana Islands to challenge that court's jurisdiction to proceed Count III in the indictment. The fact that such relief may now be time barred, *see* 28 U.S.C. § 2255 (one year limitation period applies to motions

---

[1] Petitioner cites U.S. v. McLemore, 28 F.3d 1160 (11th Cir. 1994) and U.S. v. Acosta, 124 F.Supp.2d 631 (7th Cir. 2000), as establishing that a proper and lenient reading of 18 U.S.C. § 924(h) precludes use of a non-federal "crime of violence."

filed under § 2255), does not render that remedy ineffective or inadequate. Accordingly, this court lacks jurisdiction to review petitioner's claims under 28 U.S.C. § 2241.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed due to lack of jurisdiction.

DATED: This 7th day of March 2006, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge